## Appeal of CAMDEN & BURLINGTON COUNTY RAILWAY CO.

Docket No. 4991.   Submitted October 26, 1925.   Decided February 8, 1926.

> The amount of income tax borne by the Director General of
> Railroads under the Federal Control Act did not constitute income
> to the taxpayer. Following *Appeal of New York, Ontario &*
> *Western Ry. Co.*, 1 B. T. A. 1172.

*Percy S. Crewe, Esq.*, for the Commissioner.

Before MARQUETTE, MORRIS, GREEN, and LOVE.

This appeal results from the Commissioner's inclusion in the taxpayer's income, for the years 1918, 1919, and 1920, of the amounts of the 2 per cent tax paid by the Director General of Railroads as a result of his control of the taxpayer's properties under the provisions of the Federal Control Act.

The deficiency letter, which was dated April 29, 1925, advised the taxpayer of the determination of deficiencies for the years 1919 to 1921, inclusive, in the aggregate amount of $6,678.73, and an overassessment for the year 1918 in the amount of $75.56, resulting in an alleged net deficiency of $6,603.17.

The only portion of the alleged deficiency in controversy is stated by the petition as follows: 1918, $67.46; 1919, $56.21; and 1920, $9.36.

### FINDINGS OF FACT.

1. The taxpayer is a New Jersey corporation, with its principal place of business at Broad Street Station, Philadelphia, Pa. Its properties are leased to the Pennsylvania Railroad Co., of the same address.

2. The taxpayer is a common carrier subject to the provisions of the Interstate Commerce Act. During the years 1918 and 1919 and the months of January and February, 1920, its properties were under the control of and were operated by the Director General of Railroads, as provided for by the Federal Control Act.

3. In accordance with the provisions of the Federal Control Act, and as a result of his control of the taxpayer's properties, the Director General bore a 2 per cent portion of the Federal income tax in amounts as follows:

| Year. | Amount of tax. |
|---|---|
| 1918 | $562.17 |
| 1919 | 562.17 |
| 1920 | 93.90 |

4. The Commissioner has included the amount of the tax so paid by the Director General in the taxpayer's income for each of the respective years.

5. The effect of including the amount of the tax borne by the Director General for the year 1918 in the taxpayer's income was to increase the taxpayer's alleged income-tax liability for that year by the amount of $67.46. Of this amount $37.48 was paid by the taxpayer as the result of an assessment during March, 1924, and the remaining $29.98 was made the subject of an abatement claim.

The deficiency letter advised the taxpayer that the abatement claim, which was in the amount of $105.54, was being allowed in the amount of $75.56.

### DECISION.

The deficiencies should be computed in accordance with the following opinion. Final determination will be settled on 10 days' notice, under Rule 50.

### OPINION.

MARQUETTE: The Commissioner's proposition of law denying the Board's jurisdiction as to the year 1918 is regarded, for purposes of this appeal, as a plea in bar, and it is hereby overruled on authority of the Board's decisions in *Appeal of E. J. Barry*, 1 B. T. A. 156; *Appeal of Hickory Spinning Co.*, 1 B. T. A. 409; and *Appeal of Fort Orange Paper Co.*, 1 B. T. A. 1230.

The amount of the 2 per cent tax paid by the Director General of Railroads in accordance with the provisions of the Federal Control Act is not income to the taxpayer. *Appeal of New York, Ontario & Western Ry. Co.*, 1 B. T. A. 1172. The Commissioner was therefore in error in including such payments in the gross income of this taxpayer.

However, with respect to the year 1918, it appears from the petition that a portion of the tax assessed on such inclusion has been paid, and a claim for abatement filed as to the balance thereof, to wit, $29.88. As to so much of the tax for 1918 as has been paid, the Board has no jurisdiction, and can only direct that the amount of the tax for that year unpaid be disallowed. It follows that the claim for abatement, in the amount of $105.54 for 1918, should have been allowed in full, and that so much of the proposed deficiencies for 1919 and 1920 as results from the inclusion of the amount of the tax paid by the Director General must be disallowed.